**Li Jun WANG, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4527–AG.

United States Court of Appeals, Second Circuit.

Feb. 16, 2006.

Jeffrey E. Baron, New York, NY, for Petitioner.

Dave Sanders, Assistant United States Attorney for the Northern District of Mississippi, Oxford, Miss. (Jim M. Greenlee, United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,* Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Li Jun Wang petitions for review of the August 30, 2002 decision of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") rejecting Wang's asylum and withholding of removal claims. Wang asserted that she feared returning to China because Chinese authorities had forced her to undergo an abortion and threatened her with insertion of an IUD. The IJ found Wang to be not credible. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

The BIA's decision affirming the IJ was concise. In such circumstances, we review the decision of the IJ directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales,* 331 F.3d at 307). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).

The adverse credibility finding rests on five grounds. Most important is that Wang failed to mention the forced abortion or the IUD during her sworn airport interview, though she later invoked those episodes in her asylum application and her hearing testimony. "[T]he INS may rely on airport statements in judging an asylum applicant's credibility if the record of the interview indicates that it presents an accurate record of the alien's statements, and that it was not conducted under coercive or misleading circumstances." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). "Where the alien's airport statements and his or her later testimony present materially different accounts of his or her purported persecution ... the inconsistencies may render the alien's testimony incredible." *Id.* at 181.

The airport statement bears several indicia of reliability: (i) Wang's testimony is reproduced, in transcript, verbatim; (ii) Wang seemed perfectly willing to answer the questions she was asked; (iii) Wang swore to the accuracy of the interview transcript and signed it; (iv) Wang was afforded a Mandarin interpreter who carefully explained to her the purposes and consequences of the interview, including the consequences of failing to present all the information requested; (v) Wang's questioner asked her in five different ways why she left China/feared returning to China. It was therefore reasonable for the IJ to conclude that Wang's failure to mention the treatment that she subsequently claimed drove her to flee China for the United States constituted an omission of sufficient materiality to support an adverse credibility finding.

In light of the sufficiency of the omission of material facts from Wang's airport testimony as a basis for the IJ's adverse credibility finding, we need not consider the other four grounds relied on by the IJ. *See Ramsameachire,* 357 F.3d at 182 n. 3.

For the foregoing reasons, we deny the petition for review.